FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**D DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
THOMAS MULLAHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MULLAHY,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY; and, TRINET GROUP, INC., LONG TERM DISABILITY PLAN,<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.     The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1    Those avenues of appeal have been exhausted.

2         3.    Plaintiff is informed and believes and thereon alleges that the TriNet Group,

3    Inc., Long Term Disability Plan ("Plan") is an employee welfare benefit plan established

4    and maintained by TriNet Group, Inc. ("TRINET") to provide its employees and those of

5    its subsidiaries and affiliates, including Plaintiff, THOMAS MULLAHY ("Plaintiff" and/or

6    "MR. MULLAHY"), with income protection in the event of a disability and is the Plan

7    Administrator.

8         4.    Plaintiff alleges upon information and belief that Defendant, AETNA LIFE

9    INSURANCE COMPANY ("AETNA"), is, and at all relevant times was, a corporation

10   duly organized and existing under and by virtue of the laws of the State of Connecticut,

11   authorized to transact and transacting the business of insurance in this state, and the

12   insurer and Claims Administrator for the Plan.

13        5.    Plaintiff alleges that venue and intradistrict assignment is proper in this district

14   pursuant to 29 U.S.C. § 1132(e)(2) in that the Plan is administered in San Leandro,

15   California, located in Alameda County, as confirmed by the insurance policy insuring the

16   Plan attached hereto as "Exhibit A"; Plaintiff further alleges that venue is also proper in this

17   district pursuant to 29 U.S.C. § 1132(e)(2) since Defendant AETNA may be found in this

18   district.

19        6.    At all relevant times, Plaintiff was a resident of the United States and a

20   participant in the Plan.

21        7.    Based upon information and belief, Plaintiff alleges that at all relevant times

22   herein Plaintiff was covered under group disability policy number GP-811317 that had

23   been issued by Defendant AETNA to TRINET to insure its Plan and the eligible

24   participants and beneficiaries of the Plan, including Plaintiff.

25        8.    The Plan provides a monthly benefit equivalent to sixty percent (60%) of

26   Plaintiff's monthly pre-disability earnings less Other Income Benefits following a 180 day

27   Elimination Period.

28        9.    The Plan defines "Disability" as:

- "From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
    - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
    - Your earnings are 80% or less of your adjusted predisability earnings.
- After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition."

10.   The Plan's maximum benefit duration is Plaintiff's Social Security Normal Retirement Age of 67.

11.   Prior to his disability, Plaintiff was employed as a Database Administrator.

12.   On or about March 17, 2017, Plaintiff became disabled as defined by the Plan.

13.   Plaintiff timely filed a claim for disability benefits with Defendant.

14.   On or about April 18, 2017, Michael Welsh, M.D. ("Dr. Welsh") stated Plaintiff was not able to focus and concentrate on work activity.

15.   On or about April 21, 2017, Dr. Welsh commented on Plaintiff's work capacity, stating "no work at this time."

16.   On or about May 24, 2017, Dr. Welsh's office visit note stated "no work."

17.   On or about August 17, 2017, Plaintiff was treated by Dr. Welsh who again recommended "no work at this time."

18.   On or about August 18, 2017, Plaintiff presented to Board Certified Otolaryngologist Ling Zhou, M.D. ("Dr. Zhou"). Dr. Zhou assessed "persistent severe tinnitus limiting patient's cognitive ability."

19.   On or about November 6, 2017, Plaintiff exhibited impaired pure motor skills

DarrasLaw

and he was diagnosed with cognitive impairment.

20. On or about November 28, 2017, AETNA unreasonably and unlawfully denied Plaintiff's benefits.

21. On or about June 13, 2018, audiogram testing revealed Plaintiff's sensorineural hearing loss.

22. On or about May 23, 2018, Dr. Welsh stated Plaintiff "is not able to return to work."

23. On or about June 22, 2018, Dr. Welsh stated Plaintiff's symptoms include hearing loss, ringing in the ears, and the inability to concentrate. Dr. Welsh stated Plaintiff was unable to work due to tinnitus and "this is expected to be a permanent condition with no curative treatment."

24. On or about July 9, 2018, Plaintiff appealed AETNA's decision with assistance from counsel.

25. On or about September 17, 2018, Dr. Welsh stated Plaintiff "remains unable to work at this time because of the severe tinnitus and inability to focus, concentrate, and cope with his disability."

26. On or about September 24, 2018, Defendant AETNA upheld its denial of benefits.

27. Based upon the substantial medical evidence in the possession of AETNA at the time of the denial, the decision to deny disability insurance benefits was wrongful, unreasonable, and irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

28. To date, even though Plaintiff has been disabled, AETNA has not paid Plaintiff any disability benefits under the Policy. The unlawful nature of AETNA's denial decision is evidenced by, but not limited to, the following:

- AETNA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; and

- AETNA failed to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and

- AETNA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

- AETNA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians.  Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file.  Further, AETNA's highly conflicted physician's opinion does not serve as substantial evidence as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, and it is not consistent with the overall evidence in the claim file.

29.    For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, AETNA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

30.    Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements



1   marketplace and regulatory controls with judicial review of individual claim denials, see

2   § 1132(a)(1)(B).

3        31.   As a direct and proximate result of AETNA's failure to provide Plaintiff with

4   disability benefits, Plaintiff has been deprived of said disability benefits beginning on or

5   about September 14, 2017 to the present date.

6        32.   As a further direct and proximate result of the denial of benefits, Plaintiff has

7   incurred attorney fees to pursue this action and is entitled to have such fees paid by

8   defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

9        33.   A controversy now exists between the parties as to whether Plaintiff is

10  disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he

11  meets the Plan definition of disability and is consequently entitled to all benefits from the

12  Plan to which he might be entitled while receiving disability benefits including

13  reimbursement of all expenses and premiums paid for such benefits from the

14  termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a

15  determination of Plaintiff's claim consistent with the terms of the Plan.

16       WHEREFORE, Plaintiff prays for relief against Defendants as follows:

17       1.    An award of benefits in the amount not paid Plaintiff beginning on or about

18  September 14, 2017, together with interest at the legal rate on each monthly payment

19  from the date it became due until the date it is paid; plus all other benefits from the Plan

20  to which he might be entitled while receiving disability benefits including reimbursement

21  of all expenses and premiums paid for such benefits or, in the alternative, a remand for

22  a determination of Plaintiff's claim consistent with the terms of the Plan;

23       2.    An order determining Plaintiff is entitled to future disability

24  payments/benefits so long as he remains disabled as defined in the Plan;

25       3.    For reasonable attorney fees incurred in this action; and,

26  / / /

27  / / /

28  / / /

COMPLAINT

1     4.     For such other and further relief as the Court deems just and proper.

2

3   Dated:  June 27, 2019            DarrasLaw

4

5                            FRANK N. DARRAS

6                            SUSAN B. GRABARSKY

7                            PHILLIP S. BATHER
                             Attorneys for Plaintiff

8                            THOMAS MULLAHY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

COMPLAINT